THE LORD & POLK CHEMICAL COMPANY v. THE BOARD OF AGRICULTURE et al.

*Actions Against the State—Jurisdiction—Agriculture, Department of.*

1. The Board of Agriculture is a Department of the State Government, and an action against it to recover money alleged to have been wrongfully collected by it as a license tax cannot be maintained, the State not having given its consent to be sued in that respect.

2. The objection to the jurisdiction of the Court because the action is against the State may be made *ore tenus* at any stage in the proceedings when the fact is made apparent.

CIVIL ACTION tried upon complaint and demurrer at April Term, 1892, of FRANKLIN Superior Court, *Bryan, J.,* presiding.

The plaintiff alleged that in the year 1888 it paid, under protest, to the Board of Agriculture the sum of one thousand dollars, the license tax imposed upon dealers in fertilizers under the Act of 1877, for the years 1888 and 1889, and that they had demanded a repayment, which was refused. Thereupon this action was instituted against the Commissioner of Agriculture, the Board of Agriculture and the State Treasurer, to recover back the sums with interest.

The defendants demurred, assigning as ground, among others, therefor—

"For that it appears on said complaint that this Court has not jurisdiction of the persons of the defendants, the defend-

ant D. W. Bain being the Treasurer of North Carolina, the defendant the Board of Agriculture of North Carolina being under the law a Department and part of the State government, and the defendant John Robinson, Commissioner, etc., being an officer of said Department, and no relief being asked against him personally."

The Court sustained the demurrer, and the plaintiff appealed.

*Mr. S. F. Mordecai,* for plaintiff.
*Mr. F. S. Spruill,* for defendants

CLARK, J.: The demurrer was properly sustained. The Board of Agriculture is a department of the State government. Cons., Art. III, § 17, and Art. IX, § 14; *The Code,* § 2184 *et seq.;* Acts 1889, ch. 431; Acts 1891, chs. and 9555. This tax was collected as a license tax and was receipted for by the State Treasurer as such. The action being against a department of the State government, the State Treasurer and the State Commissioner of Agriculture, to recover this money, is, in effect, an action against the State, and cannot be maintained without the consent of the State. If the subject ever required discussion, it is needless since the full consideration of the question in the United Supreme Court in the late cases—*North Carolina* v. *Temple,* 134 U. S., 22, and *Hans* v. *Louisiana, Ibid.,* 1. This case differs from that of an action against agencies of the State which the Legislature has incorporated and expressly authorized to " sue and be sued," as in *County Board* v. *State Board,* 106 N. C., 81, and cases there cited ; since as to them the State gave its consent by the terms of the act of incorporation to their being sued. But here there is neither act of incorporation nor authority conferred to be sued. There is simply the Department of Agriculture, with a Commissioner and Board of Directors for its government.

CHEMICAL CO. *v.* BOARD OF AGRICULTURE.

The complaint alleges the public act under which the tax was laid, and has appended as exhibits the receipts given to the plaintiff by the State Treasurer for the taxes paid by virtue of such law into the State treasury. It is useless, therefore, to consider the plaintiff's contention that the demurrer admits the Board of Agriculture to be a corporation since upon the face of the complaint the Court has no jurisdiction of an action to recover from the State money paid into its treasury by virtue of an act levying a license tax. This is a defect which could be taken advantage of *ore tenus* at any time (*Manufacturing Co.* v. *Simmons,* 97 N. C., 89), and the Court will take notice of it *ex mero motu. Hagins* v. *Railroad,* 106 N. C., 537.

We would not be understood as intimating an opinion that the tax was unconstitutional, notwithstanding it has been so held in another Court. The point is not before us. The plaintiff might have raised the point, if so advised, by a proceeding to enjoin the seizure of its property for non-payment of the tax. *Railroad* v. *Alsbrook,* 110 N. C., 137. Having paid the tax into the State treasury, an action does not lie to recover it back, except in the cases provided in sec. 84, ch. 137, Acts 1887 (and the Acts of 1889, ch. 218, sec. 82; Acts 1891, ch. 323, sec. 78), of which statute the plaintiff cannot avail itself, as there was not demand made, nor action brought within the times therein limited. *Railroad* v. *Reidsville,* 109 N. C., 494. Besides, there is nothing in that act, nor in the case of *Railroad* v. *Commissioners,* 77 N. C., 4, which is relied on by the plaintiff, which authorizes an action against the State.

PER CURIAM.                                        No Error.