# Youghiogheny River Bridge.    Youghiogheny Bridge Co.'s Appeal.

*Bridges—Appeals—Review.*

In a proceeding for the erection of a county bridge between two boroughs, a decree of the court below finding that the bridge is necessary and would be too expensive for the boroughs, and approving " the report of the viewers and finding of the grand jury," and ordering " that the same be referred to the commissioners for such action as they may deem expedient and proper and in accordance with law and, if approved by them, that the same be recorded as a county bridge," is neither effective nor final unless the county commissioners concur in the findings of the court and the grand jury.

Such decree is only provisional, and when it does not appear that the commissioners have taken any action in the premises an appeal is clearly premature and will be quashed.

Argued May 13, 1895.  Appeal, No. 55, July T., 1894, by Youghiogheny Bridge Co., from decree of Q. S. Fayette Co., Sept. T., 1892, No. 3, in proceedings for a county bridge. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and DEAN, JJ.  Affirmed.

Petition for a county bridge over the Youghiogheny river from Apple street in the borough of Connellsville to Traders alley in the borough of New Haven.

From the record it appeared that proceedings were begun Sept. 26, 1892, by petition of citizens, and the same day the court appointed viewers as provided by law, who, on Dec. 10, 1892, filed their report, finding in due form that the bridge was necessary and should be adopted as a county bridge.  The court then ordered that the report be filed and laid before the grand jury at the March sessions.  On March 11, 1893, the grand jury made their return approving the action of the viewers.  No further action was taken in the matter until Feb. 5, 1894, when exceptions were filed.

The court dismissed the exceptions and entered the following decree :

" And now, April 12, 1894, this case came on to be heard at a special court duly ordered and held Feb. 10, 1894, upon

exceptions to report of viewers and finding of the grand jury; and upon consideration thereof, it is ordered that all the exceptions be and are hereby overruled. And it appearing to the court that said bridge is necessary, and would be too expensive for said boroughs of Connellsville and New Haven, the report of the viewers and finding of the grand jury are approved. And it is further ordered that the same be referred to the commissioners of said county for such action as they may deem expedient and proper in accordance with law; and, if approved by them, that the same be recorded as a county bridge."

*Error assigned* among others was above decree, quoting it.

*W. G. Guiler* and *S. E. Ewing, R. H. Lindsey* and *P. S. Newmyer* with them, for appellant.

*William A. Hogg, Boyd & Umbel* and *James C. Work* with him, for appellees.—This appeal was prematurely taken and should be dismissed. A bridge proceeding begins with the petition for viewers and is not complete until the county commissioners make the final order approving the report of viewers. An intermediate order of court is not final and is not the subject of appeal. The litigation attending the appeals from those various stages and orders in the proceeding may be entirely unnecessary, as the commissioners may refuse to approve the matter, or may so exercise the discretion conferred upon them by the act of May 25, 1887, 267, that no appeal will be desired.

PER CURIAM, May 27, 1895:

This proceeding for the erection of a county bridge over the Youghiogheny river, between the boroughs of Connellsville and New Haven, appears to be under the act of June 13, 1836, P. L. 560, the thirty-fifth section of which provides, among other things, that " if, on the report of viewers, it shall appear to the court, grand jury and commissioners of the county that such bridge is necessary and would be too expensive for such township or townships, it shall be entered on record as a county bridge." In the decree of court finding " that said bridge is necessary and would be too expensive for said boroughs of Connellsville and New Haven," and approving " the report

of the viewers and finding of the grand jury," it is accordingly
"ordered that the same be referred to the commissioners . . . .
for such action as they may deem expedient and proper in ac-
cordance with law; and, if approved by them, that the same be
recorded as a county bridge." This decree is at best only pro-
visional. It is neither effective nor final unless the county
commissioners concur in the findings of the court and the
grand jury. If they refuse to concur, without more, the pro-
ceeding falls. It they elect to exercise the authority vested in
them by the first section of the act of May 25, 1887, P. L. 267,
and merely assist in building the bridge, a different result is
accomplished. It does not appear in this case, nor is it even
alleged that the commissioners have taken any action in the
premises. If they have not, this appeal is clearly premature;
and, acting on that assumption, we think the appeal should be
quashed.

Appeal quashed.