## Bucher v. Northumberland County, Appellant.

*Negligence—Counties—Quasi corporations—Defective sidewalk in front of county buildings.*

A county in Pennsylvania cannot be held liable for the negligence of its officers in failing to keep in good condition the sidewalks in the public street in front of the county buildings.

Counties are very generally recognized as quasi corporations upon which duties wholly involuntary are imposed. They possess no power and can incur no obligations not authorized by statute.

Argued May 23, 1904. Appeal, No. 217, Jan. T., 1903, by defendant, from judgment of C. P. Northumberland Co., Jan. T., 1903, No. 217, on verdict for plaintiff in case of George D. Bucher v. Northumberland County. Before MITCH-ELL, C. J., FELL, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before AUTEN, J.

At the trial it appeared that on January 3, 1899, the plaintiff fell on an icy pavement of the courthouse in Sunbury. At the trial defendant presented, inter alia, the following points:

18. A county is not a municipal corporation, it is merely a quasi corporation and can exercise only such powers and must perform only such duties as are given it by the state ; it is an involuntary civil division of the state, created by statute to aid in the administration of the government. It is created by the sovereign power of the state, of its own sovereign will, without the particular solicitation, consent or concurrent action of the people who inhabit it, and it is merely the agent of the commonwealth. *Answer:* We will affirm that point ; but we say

to you, gentlemen of the jury, that we do not see its application to the case on trial. [17]

19. County commissioners are public officers elected under the general laws, and perform their duties, which are public under the authority of the state, and they are accountable to the public alone for their negligence. *Answer :* In its application to the case we refuse the point as drawn. [18]

20. The state not being chargeable with the negligence of its officers or agents, and the county being merely a subdivision and the agent of the commonwealth, it is not liable as such for the negligence of its officers. *Answer :* Refused. [19]

21. A county is not liable at common law for the negligence of the county commissioners. *Answer :* Refused. [20]

15½. Under all the evidence in this case there can be no recovery because the county is not liable. *Answer :* Refused. [21]

Verdict and judgment for plaintiff for $2,500. Defendant appealed.

*Errors assigned* among others were (17–21) above instructions, quoting them.

*Charles C. Lark*, county solicitor, with him *Fred. B. Moser*, for appellant.—The defendant county being a quasi corporation and a political subdivision thereof and the agent of the state is not liable to the plaintiff in this case: Com. v. Marshall, 3 W. N. C. 182; Kittanning Academy v. Brown, 41 Pa. 269; Vankirk v. Clark, 16 S. & R. 286 ; Chester County v. Brower, 117 Pa. 647; Com. v. Brice, 22 Pa. 211.

Counties being merely parts of the state government, they partake of the state's immunity from liability. The state is not liable except by its own consent; and so the county is exempt from liability, unless the state has consented ; counties are not liable to implied common-law liabilities as municipal corporations are : Russell v. Men of Devon, 2 Term Rep. 667 ; Hamilton County Commissioners v. Mighels, 7 Ohio St. 109 ; Kincaid v. Hardin, 53 Iowa, 430 (5 N. W. Repr. 589) ; Jasper County v. Allman, 142 Ind. 573 (42 N. E. Repr. 206) ; Ford v. School District, 121 Pa. 543 ; Sheppard v. Pulaski County, 13 Ky. L. Rep. 672 (18 S. W. Repr. 15) ; Lefrois v. Monroe

County, 162 N. Y. 563 (57 N. E. Repr. 185); Wehn v. Gage County, 5 Neb. 494.

*Charles M. Clement* and *John F. Schaffer*, with them *M. H. Taggart*, for appellee.—A county is liable in damages for injuries due to a defective sidewalk along county property : Lamoreux v. Luzerne County, 116 Pa. 195 ; Chester County v. Brower, 117 Pa. 647 ; Erie City v. Schwingle, 22 Pa. 384 ; Wilkinsburg Borough v. Home for Aged Women, 131 Pa. 109 ; Phila. v. Penna. Hospital, 143 Pa. 367 ; Grier v. Sampson, 27 Pa. 183.

OPINION BY MR. JUSTICE POTTER, October 10, 1904 :

This action was brought to recover damages for personal injuries resulting from a fall upon the sidewalk in front of the courthouse of the defendant county. The plaintiff alleges that his fall was due to the failure of the defendant to remove an accumulation of ice and snow from the pavement.

The main question for consideration upon this appeal is whether a county in this state can be held liable for the negligence of its officers in failing to keep in good condition the sidewalk in the public street in front of the county buildings.

It is strongly urged by the appellant that the defendant county, being a quasi corporation and a political subdivision of the state, is not liable to the plaintiff in this case. In support of this contention it is suggested that the courthouse is built primarily for the accommodation of the courts, on ground, the legal title to which must be held by the county. That courts are institutions of the state, and in maintaining the courthouse, the county acts as the agent of the state, and the state not being liable, its agent cannot be.

The plaintiff in bringing this action seems to proceed upon the theory that the county, as an abutting property owner, occupies precisely the same position as any private individual owner, or any corporation holding property for private use. But the title to the ground occupied by public buildings is vested in the county only for public use. Section 9 of the Act of April 15, 1834, P. L. 537, declares that the titles of courthouses, jails, prisons and work houses together with the lots of land thereunto belonging, "shall be and they are hereby

vested in the respective counties for the use of the people thereof, and for no other use." By section 10 of the same act the commissioners are required, having first obtained the approbation of two successive grand juries and of the court of quarter sessions, . . . . to erect such building or buildings as may be necessary for the accommodation of the courts.

Counties are very generally recognized as quasi corporations upon which duties wholly involuntarily are imposed. They possess no power and can incur no obligations not authorized by statute. The general rule is thus stated in Dillon on Mun. Corp. sec. 997 : " In the United States there is no common-law obligation resting upon quasi corporations, such as counties, townships, and New England towns, to repair highways, streets or bridges within their limits, and they are not obliged to do so, unless by force of statute. Even when the legislature enjoins upon corporations of this character the duty to make and repair roads, streets and bridges, and confers the power to levy taxes therefor, the general tenor of the decisions is to treat this as a public and not a corporate duty, and to regard such corporations in this respect as public or state agencies, and not liable to be sued civilly for damages caused by the neglect to perform this duty, unless the action be expressly given by statute."

In Com. v. Brice, 22 Pa. 211, it was held that the principle that the public is not chargeable. with the negligence of its officers is applicable to county officers. It was said (page 214) : " The fact that a county has certain rights recognized in law as its own, does not sever it as a body from the state ; but only distinguishes it in the state, and as a part of it, and allows local officers to enforce, in the name of the county, certain rights and duties which otherwise would have to be enforced in the name of the state. The institution of local divisions is merely a means of government, and counties and their officers are but parts of the machinery that constitutes the public system. This form of administration is no more a division of the government than is the allotment of particular localities, or particular functions, to what are usually called state officers."

In the case of Kittanning Academy v. Brown, 41 Pa. 269 (p. 272), this court said : " If counties were municipal corpora-

tions, they would have the power of regulating their internal policy by what the old Romans called leges municipales. But they lack the legislative faculty, and so are not, strictly speaking, corporations. Still, they are quasi corporations. They can perform many of the functions of proper municipalities. They can sue and be sued, can purchase, hold and alien lands, can appoint agents to execute their will, and can evidence their acts by a common seal. But because they cannot legislate, everything done by the agents of a county must be first authorized by the legislative power of the state."

The present chief justice, in Briegel v. Philadelphia, 135 Pa. 451, calls attention to the different measure of liability which applies to quasi corporations not having full municipal functions, and quotes from 2 Dillon on Mun. Corp. sec. 961 : " It is essential . . . . to bear in mind the distinction . . . . between municipal corporations proper and quasi corporations. The decisions hold the former class of corporations to a much more extended liability than the latter, even where the latter are invested with corporate capacity and with the power of taxation."

In Pennsylvania the duty of maintaining highways is statutory, and we must look to the statute for its nature and extent: Rapho Twp. v. Moore, 68 Pa. 404.

The duty of caring for public roads and small bridges has been placed upon townships; while the erection of larger bridges and the maintenance of public buildings seems to have been imposed upon the counties. But no statute of this state has been brought to our attention which imposes upon the counties any liability for negligence in the care of the highway or of the sidewalk in front of the county buildings.

The Act of May 24, 1887, P. L. 203, authorizes the county commissioners, by and with the approval of the courts of common pleas of the county, to join with the authorities of a city, in grading, paving and improving so much of the streets as are in or alongside of the grounds upon which such public buildings stand. The act has no application to the present case.

The great weight of authority in other states is conclusive against imposing any such liability, as the plaintiff here seeks to fasten upon the county. For an elaborate collection of the authorities upon the subject, see the note to Hughes v. County

of Monroe, as reported in 39 L. R. A. 33. The reasoning upon which these cases stand is based upon the doctrine that a county is a subordinate political division of the state, standing in the same attitude, and cannot therefore be sued, without statutory permission authorizing such action. An example of such reasoning is found in the opinion of the Supreme Court of Minnesota, in Dosdall v. Olmstead County, 30 Minn. 96,* upon facts closely resembling those of the present case. The court there said : " The sole question to be determined in this case is the liability of the county of Olmstead for an injury alleged to have been suffered by plaintiff from falling through a broken sidewalk upon the courthouse premises, belonging to the county, which had become unsafe and dangerous through the negligence of the county commissioners, whose duty it was to keep the same in repair.

" For the purposes of civil administration, the state has created the subordinate political division of counties and towns (townships). Their officers are public officers, selected or appointed under the general laws, and perform their duties, which are public, under the authority of the state. They are bodies politic, with limited powers defined by law, and are hence frequently called quasi corporations : Dillon on Mun. Corp. (2d ed.) sec. 10 a. They are created wholly for a public purpose. The liability in this case is predicated upon the fact that the defendants, the board of county commissioners, are the agents of the county, and that the plaintiff has suffered personal injury from their official neglect. They are the agents of the county in this sense, that the powers of the county can only be exercised through them, because the public can only act through officers. The functions of these officers are public. They are only such as the law enjoins. It is their duty to keep the courthouse in repair, because the law of the state commands it. It is a duty which they owe to the public, and they are accountable to the public alone for their negligence. It is not necessary here to refer to the distinction existing between mere neglect of official duty, and affirmative acts of individual officers resulting in special injuries, or between officers whose duties are wholly public, and those who owe a special

---

* Also reported 14 N. W. Repr. 458.—Reporter.

duty to those whom they serve for a compensation, as in the case of sheriffs, county clerks, etc.

"Where, however, a corporation receives a charter from the state, the enlarged powers granted, and the nature of the duties expressly or impliedly enjoined, have led to the distinction existing between municipal corporations proper, and quasi corporations with limited statutory powers, as respects the question of liability to individuals for the negligence of their officers or agents. The almost unbroken current of the authorities is that, as to the latter class of corporations, no such liabilities attach unless expressly provided by statute. This doctrine is too well and too long established to be questioned, and should be regarded as the recognized policy of the state, which the legislature alone should change."

A multitude of other authorities to the same effect are to be found. In the present appeal it is argued that as the duty of maintaining highways has been imposed upon townships in Pennsylvania, and consequent legal liability for neglecting to repair has been implied, no good reason exists for making a distinction which exempts counties from the same responsibility. But the answer is that the legislature has seen fit to make this distinction. The statutory duty is imposed upon townships to open, construct and keep in repair all public roads within their limits: Union Township v. Gibboney, 94 Pa. 534.

Under the Act of June 26, 1895, P. L. 336, counties are empowered to improve or construct certain roads, which shall thereafter be maintained as county roads, and kept in repair at the expense of the county. But this does not apply to a street or highway within the limits of a borough or city. With this exception, the care of highways outside the boroughs and cities is left to the townships.

Under section 11 of the Act of April 15, 1834, P. L. 537, it is made the duty of the commissioners of the county to keep the public buildings in repair. But this does not include the repair of the sidewalk, for the sidewalk is no part of the buildings, and it is a part of the street. The street includes the whole of the land laid out for public use as a highway: Mc-Devitt v. People's Nat. Gas Co., 160 Pa. 367. We cannot see in the provisions of the act of 1834, any intention upon the part of the legislature to make the county liable to a

private action for a failure to repair the sidewalk. No other statute imposing any such liability has been brought to our attention, and clearly in the absence of a statute imposing such responsibility, the county cannot be held.

The twenty-fifth assignment of error, which is the refusal of binding instructions in favor of the defendant, is sustained. It is unnecessary to discuss any of the other assignments.

The judgment is reversed.