# Hubbard, Appellant, *v.* Crawford County.

*Negligence—Counties—Unsafe sidewalk leading to polling place.*

Counties acting as public agencies in the performance of governmental functions are not liable for the negligence of their officers. This rule applies to county commissioners who neglect to make safe a footwalk used by persons going to and from a polling place by providing a guard rail, or by lighting it at night.

Argued April 27, 1908. Appeal, No. 233, Jan. T., 1907, by plaintiff, from judgment of C. P. Crawford Co., Nov. T., 1904, No. 106, for defendant non obstante veredicto in case of E. S. Hubbard v. The County of Crawford. Before Fell, Brown, Mestrezat, Potter and Elkin, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before Thomas, P. J.

The opinion of the Supreme Court states the case.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*George F. Davenport*, with him *Otto Kohler*, for appellant.

*B. B. Pickett, Jr.*, with him *L. D. Edson*, for appellee.

Per Curiam, May 18, 1908:

The assignment of error in this appeal relates to the liability

of a county for the failure of the commissioners to make safe a footwalk used by persons going to and from a polling place, by providing a guard rail or by lighting it at night. Our cases have gone farther than those in most jurisdictions in holding counties liable for negligence in the performance of statutory duties, where no right of action is given and the line of distinction between liability and nonliability rests on precedent rather than principle: Ford v. School District, 121 Pa. 543; Briegel v. Philadelphia, 135 Pa. 451. But this case clearly comes within the class where counties acting as public agencies in the performance of governmental functions have been held not to be liable for neglect of their officers. It does not differ in principle from Bucher v. Northumberland County, 209 Pa. 618, in which the subject is fully discussed in the opinion by our Brother POTTER.

The judgment is affirmed.