## TIOGA COUNTY, PA., v. BOHNERT.

(Circuit Court of Appeals, Third Circuit. May 10, 1924.)

### No. 3108.

1. **Bridges ⊜39(1)—Declination by county commissioners to enter bridge as county bridge made it a township bridge, and put responsibility of its care and repair on township.**

     Where inhabitants of township in Pennsylvania petitioned for bridge under Act Pa. May 25, 1887, § 1 (P. L. 267), and court and grand jury approved report of viewers, a resolution of county commissioners declining to enter bridge as a county bridge made it a township bridge, and put responsibility of repair on township.

2. **Bridges ⊜21(2)—Power to make township bridge county bridge did not rest on county commissioners.**

     Power to make township bridge county bridge did not lay in county commissioners, but in commissioners and court of quarter sessions under Act Pa. April 28, 1899, § 1 (P. L. 91; Pa. St. 1920, § 6653), though county had previously declined to enter bridge as county bridge in proceeding under Act Pa. May 25, 1887, § 1 (P. L. 267), and no amount of repair work by county commissioners could supply failure of court to approve.

3. **Highways ⊜190—Duty to keep a public highway in repair devolves on township.**

     In Pennsylvania, duty to keep a public highway in repair devolves on township, on which rests duty of opening and making it.

4. **Counties ⊜1, 21½—County is quasi corporation, and possesses no powers not authorized by statute.**

     A county is generally recognized as a quasi corporation, on which duties wholly involuntary are imposed, and possesses no power and can incur no obligations not authorized by statute.

5. **Bridges ⊜21(2), 39(1)—No duty imposed on counties to build or repair.**

     In Pennsylvania there is no common-law duty imposed on counties to build or repair highways or bridges, and a consequent liability for negligence in care thereof must be imposed by statute.

6. **Bridges ⊜21(2)—Statutory requirements must be complied with to make bridge county bridge.**

     Statutory requirements, imposed as requisite to establish bridge as county bridge, under Act Pa. May 25, 1887, § 1 (P. L. 267), must be complied with, or all proceedings fail.

In Error to the District Court of the United States for the Middle District of Pennsylvania; J. Warren Davis, Judge.

Action by Joseph H. Bohnert against Tioga County, Pa. Judgment for plaintiff, and defendant brings error. Reversed.

C. H. Ashton, of Knoxville, Pa., and David Cameron, G. Mason Owlett, and T. A. Crichton, all of Wellsboro, Pa., for plaintiff in error.

Will Leach, of Scranton, Pa., and Thomas A. MacClary, of Union, N. Y., for defendant in error.

Before WOOLLEY, Circuit Judge, and McKEEHAN and SCHOONMAKER, District Judges.

SCHOONMAKER, District Judge. This case involves the question of the liability of a Pennsylvania county to respond in damages for injuries received by a passenger in an automobile which was driven in

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the nighttime over an unguarded abutment of a bridge on a township highway erected over a stream by the county of Tioga. The court below resolved the question of that liability against the county, which appealed.

The automobile in which Bohnert, the plaintiff, was riding, was proceeding along a state highway (as distinguished from a township road) from Mansfield towards Wellsboro, and had arrived at a point where a township highway of Covington township intersects said highway, when the driver, instead of following the state highway towards Wellsboro, which swerves to the left at this point, turned the automobile to the right upon the township road and drove it over the unguarded abutment of a bridge over the Tioga river, which had been erected by the county of Tioga. Bohnert, among others, was injured, and brought this suit.

[1] The county built the superstructure, abutments, and approaches of this bridge in the year 1901 under the authority of the act of assembly of Pennsylvania of May 25, 1887 (P. L. 267), as follows:

"That when a river, creek or rivulet, over which it may be necessary to erect a bridge, crosses a public road or highway, and the erecting of such bridge requires more expense than it is reasonable that one or two adjoining townships should bear, that after a view has been ordered by the proper court, as now provided by law, if it shall appear, by the report of the viewers and by the approval of the court and grand jury, that such bridge is necessary, and would be too expensive for such township or townships to bear, that whenever the county commissioners do not deem it advisable to enter such bridge on record as a county bridge, but shall consider it proper to assist such township or townships in building the same, they are hereby authorized and empowered, from and out of the county funds, to either build such bridge, or any portion or portions thereof, or to furnish such township or townships the whole or part of the money necessary to build it, without entering such bridge on record as a county bridge."

Proceedings were had under this act in the court of quarter sessions of Tioga county, at No. 14, September sessions, 1900, upon the petition of 53 inhabitants of Covington township, whereby viewers were appointed, who duly reported that there was occasion for a new bridge, and that the expense thereof would be more than was reasonable for the township of Covington to bear. Whereupon the court and the grand jury approved the report, the order of confirmation by the court being entered on November 25, 1920. This was followed by a resolution of the county commissioners of the county, duly adopted on January 8, 1901 (referring to this and two other bridges), in the following language:

"Now, January 8, 1901, the commissioners of the county adopted the following resolution: They will build and complete the superstructure, abutments and approaches for the said bridge over the Tioga river in Covington township; but it is also resolved by the said commissioners that they do not deem it advisable to enter either of the aforesaid bridges on record as a county bridge, and decline so to do, but, on the contrary, it is hereby made to be expressly understood that each and all of the aforesaid three bridges shall be and remain the property of the aforesaid township of Covington, to be maintained, kept in repair and rebuilt when necessary by the aforesaid respective townships, and the county of Tioga shall in no event be liable for the same, or any part thereof."

Thereupon the superstructure, abutment, and approaches of and to the bridge were built and completed by the county, and the legal effect of the declination of the county commissioners to enter the bridge as a county bridge was to make it a township bridge and put the responsibility of its care, maintenance, and repair upon the township of Covington.

On June 10, 1902, and after the bridge in question had been built, the county commissioners undertook to amend their former resolution of January 8, 1901, and make the bridge a county bridge. This resolution was in the language following:

"Resolved, that the part of the resolution of January 8, 1901, on page 331 of the minutes for that year, so far as it relates to the bridge over the Tioga river, near the residence of Stephen Richards, and which reads as follows: 'Resolved, by the said commissioners, that they do not deem it advisable to enter either of the aforesaid bridges on record as county bridges, and decline to do so,' etc., be and the same is hereby amended so as to read as follows: Resolved, by the county commissioners, that they concur in the report of the grand jury, deeming it proper to assist the said township of Covington to the extent of building the superstructure, abutments and approaches of the said bridge, which are hereby entered of record as being the property of the county of Tioga."

[2] After the adoption of this resolution, the county commissioners, from time to time, caused the bridge in question to be repaired. Under these facts, the court below held the county liable. In this the court erred. At the time the amendatory resolution was passed by the county commissioners on June 10, 1902, the bridge had been built and was in fact a township bridge. The power to make it a county bridge lay, not in the commissioners, but in the commissioners and the court of quarter sessions of the county, under the provisions of section 1 of the act of assembly of April 28, 1899 (P. L. 91; Pa. St. 1290, § 6653). This act provides:

"Whenever, the county commissioners of any county have heretofore assisted or shall hereafter assist any township, townships or borough in the building of the whole or any portion of a bridge, under existing laws, and it shall afterward appear to the said commissioners, and to the court of quarter sessions of the proper county, that the care, maintenance and responsibility of said bridge is greater than it is reasonable that the said township, townships or borough should bear, it shall be lawful for the said county commissioners, and they are hereby authorized and empowered with the approval of said court, to enter such bridge upon record as a county bridge, * * * the same as if it had originally been so entered of record."

The court never acted. Therefore the status of the bridge was never changed from that of a township bridge to that of a county bridge, and no amount of repair work by the county commissioners could supply that failure of the court to approve. Williamsport v. Lycoming County, 34 Pa. Super. Ct. 221; Francis v. Franklin Township, 179 Pa. 195, 36 Atl. 202.

[3] At common law and by statute, the duty to keep a public highway in repair devolves upon the township, upon which rests the duty of opening and making it. County of Erie v. Commonwealth, 127 Pa. 197, 17 Atl. 905; Union Township v. Gibboney, 94 Pa. 534.

[4, 5] A county is generally recognized as a quasi corporation, upon which duties wholly involuntary are imposed. They possess no

power to incur obligations not authorized by statute. Bucher v. Northumberland County, 209 Pa. 618, 59 Atl. 69; Hubbard v. Crawford County, 221 Pa. 438, 70 Atl. 805. In Pennsylvania there is no common-law duty imposed upon counties to build or repair highways or bridges; such duty and consequent liability for negligence in the care thereof must be imposed by statute or held not to exist. In the instant case, it cannot be said that the amendatory resolution related back to the original resolution, for the courts have held that the concurrence of the grand jury, the court, and the county commissioners must be reasonably continuous. Commonwealth v. Baker, 212 Pa. 230, 61 Atl. 910.

[6] The statutory requirements imposed as a requisite to establish a bridge as a county bridge must be complied with, or all the proceedings fail. In re Pequea Creek Bridge, 68 Pa. 427; Appeal of Youghiogheny Bridge Co., 168 Pa. 454, 31 Atl. 1096. The commissioners, in acting alone in the resolution of June 10, 1902, went beyond the scope of their authority, and the county cannot be bound by any of their acts. Brewer v. Sullivan County, 199 Pa. 594, 49 Atl. 259. The court below cited New York v. Sheffield, 71 U. S. (4 Wall.) 189, 18 L. Ed. 416; Eastman v. Clackamas County (C. C.) 32 Fed. 24; Greenwood v. Town of Westport (D. C.) 60 Fed. 560. But we find, on reference to them, that in each case the primary duty rested with the municipal corporation sued, and that they do not parallel the Pennsylvania situation, where the duty of a county is special and only exists as imposed by statute.

There can be no recovery against the county under the facts shown in the instant case. Assignments of error 1 to 5, inclusive, are sustained, and the judgment is reversed, and a new trial is awarded.