## Harpster v. Fetterolf et al., County Commissioners

*Henderson & Henderson*, for petitioner.

*I. N. Taylor*, for respondents.

FETTERHOOF, P. J., July 14, 1938.—This matter comes before us on a rule to show cause why the county commissioners should not issue orders to E. L. Harpster, a duly qualified justice of the peace of Franklin Township, Huntingdon County, for fees which petitioner claims are due him for administering oaths to certain persons for issuing scalp orders. This claim is made according to exhibits "A", "B", and "C", attached to the petition in accordance with the Act of April 5, 1929, P. L. 170, 42 PS §211.

The Game Law of June 3, 1937, P. L. 1225, sec. 1103, 34 PS §§1311, 1103, provides in making claims for bounty as follows:

"Each officer, other than a salaried game protector, shall receive a fee of twenty-five cents for each affidavit containing one claim and fifty cents for each affidavit containing more than one claim. Game protectors and deputy game protectors are authorized to administer the oath required by this section. Deputy game protectors shall supply seals at their own expense." Section 101, provides:

"The ownership, jurisdiction over, and control of wild animals and wild birds, as herein defined, are hereby declared to be in the Commonwealth, in its sovereign capacity, to be controlled, regulated, and disposed of in accordance with the provisions of this act."

This act sets up and provides for complete regulation of "game" under the absolute and exclusive control of the Commonwealth. There is provided in section 1401 a game fund, into which certain moneys shall be paid and held subject to certain purposes, among which are (par. (j)) "For the control of predators and the payment of bounties and expenses in connection therewith".

This act specifically repeals The Game Law of May 24, 1923, P. L. 359.

The Act of 1929, supra, is cited by petitioner as authority for the County of Huntingdon to pay him the fees demanded. This act specifically repeals the Act of

April 23, 1909, P. L. 160, regulating and establishing fees of justices of the peace, magistrates, and aldermen "so far as it relates to justices of the peace and aldermen." The provision of the act relied upon is as follows: "Order for premium for wolf, fox or other scalps, each scalp to be paid by county, fifty cents." The Act of 1909, supra, provides as follows: "Order for premium for wolf, fox or other scalps, to be paid by county, fifty cents."

It is to be noted that under The Game Law of 1937, the Commonwealth has full and complete control over our game and the counties have no authority whatsoever. The fee bill of 1929 for justices of the peace sets out a comprehensive and complete itemized list of the fees they are authorized to make. This includes civil and criminal matters, and in certain specific cases, summary convictions, it provides that the county shall pay costs of prosecution. This is a uniform fee bill for justices of the peace, and it does not state anything about the county paying for affidavits, but it does say for "Order . . . each scalp to be paid by county". The county now pays no bounty for scalps, but under The Game Law of 1937, the Commonwealth has assumed such payments.

The game law provides that game protectors are authorized to administer the oath to the person making claim for the bounty without compensation, and even provides that they shall provide seals at their own expense. If claimant wants to go before a justice of the peace or other officer and make affidavit he can do so and the fee of the officer is fixed regardless of who pays the same by The Game Law of 1937. The act says nothing about the county paying the fee for the affidavit of the justice of the peace, notary public or any person authorized to administer the same.

The Fee Bill Act of 1929 provides the fees for "Administering oath in civil case, ten cents. . . . Issuing summons, fifty cents. . . . Affidavit in case of attachment, fifty cents" (as well as many other items), and surely no one would contend the county should pay these

fees. If in this case the county paid the bounty on these scalps, there might be something to petitioner's claim, but The Game Law of 1937 provides how the claim can be made and the oath administered before a game protector without any expense to the person making the claim, and if he or she as a matter of convenience, or for any other reason, desires to go before some officer qualified to administer the oath, the county is not liable for the officer's fees without some specific act requiring the county to be responsible therefor. This we do not so find.

Very interesting discussions of the legislation in this Commonwealth relating to the payment of a bounty on certain noxious animals since 1795 are to be found in the cases of McLaughlin v. Jefferson County, 23 Dist. R. 479, and Pyle v. Butler County, 43 Pa. C. C. 199, both of which cases hold that the county is liable for the fee of a justice of the peace for the order and certificate for payment of a bounty of wolf, fox or other scalps. However, these cases were decided upon the Fee Bill Act of 1909 (since repealed as to justices of the peace and aldermen by the Act of 1929), and before the Act of 1929, and are not applicable in the instant case. In the latter case the court having in mind the uncertainty as to whether or not the county was liable states:

"This clause in the fee bill, with equal propriety so far as the grammatical construction is concerned, may be interpreted by referring the 'to be paid by the county' to the premium scalps, or to the order, the liability to the county being dependent on the antecedent."

The Fee Bill Act of 1929 makes a definite change in the Act of 1909, and no doubt the legislature had in mind that where an order for premium was made out by the justice where "each scalp to be paid by county" the justice of the peace should receive 50 cents. Nothing was said about affidavits, and we cannot read into the act that the county should pay for the same. The act clearly contemplates when the scalp is to be paid by the county which does not exist here. See Bucher v. Northumberland County, 209 Pa. 618.

We are, therefore, of the opinion that the County of Huntingdon is not liable to petitioner for affidavits which he has taken on claims to the State for premiums on certain predatory animals as set forth in the petition.

*Decree*

Now, July 14, 1938, the rule is dismissed at the cost of petitioner.