## Watson et ux. v. Barnhart et al.

*Arthur C. Dale* and *W. Bruce Talbott*, for plaintiffs.

*John J. Bower* and *E. J. Thompson*, of *Thompson & Baird*, for defendants.

WALKER, P. J., August 23, 1938.—This is an action brought by Julia Watson and John M. Watson against Harvey H. Barnhart, J. E. Kragle, and the Pennsylvania

Department of Highways in the nature of trespass for damages for injuries received by Julia Watson, the wife of John M. Watson, who stepped into a post hole along State Highway Route 14009.

Plaintiffs' statement filed in the case alleges that Harvey H. Barnhart was the road foreman of that section of the State highway where said accident occurred, and that J. E. Kragle was Superintendent of Highways of the State of Pennsylvania, in and for the County of Centre, and that the Pennsylvania Department of Highways maintains an office in the Township of Spring, Centre County, Pa., which office had supervision over the State roads and highways in and for Centre County. The statement further alleges that it was the joint duty of the said Pennsylvania Department of Highways and the said Harvey H. Barnhart and J. E. Kragle to keep and maintain that portion of the highway in a safe condition for use and travel by pedestrians and the public generally, and that Harvey H. Barnhart, by and with the knowledge and approval of the said J. E. Kragle, had caused to be dug a line or series of post holes along the southern side of said State highway for the purpose of placing guard-rail posts therein. The statement further alleges that on July 9, 1936, the said Harvey H. Barnhart and J. E. Kragle and the Pennsylvania Department of Highways, carelessly and negligently and without due regard for the safety of travelers on said highway, allowed and permitted and caused said guard-rail post holes to be and remain open without any signal lights, warning signs, or lights of any kind or without guard rails to protect the traveling public from falling into said guard-rail post holes, which were of the depth of three feet. There is the further allegation that on July 9, 1936, at approximately 7:30 p.m., while walking along said State Highway Route, Julia Watson, one of the plaintiffs above named, stepped back off the road surface on which she and other ladies were walking to avoid being struck by an approaching motor car and fell into one of the post holes about three

feet deep, which had been dug or caused to be dug by Harvey H. Barnhart and J. E. Kragle, employes of the State Highway Department, for the purpose of planting guard-rail posts therein and which they, the said Harvey H. Barnhart and J. E. Kragle, had carelessly, negligently, and without due regard to the safety of the traveling public left open and unguarded, resulting in injury to the said Julia Watson. Plaintiffs' statement in conclusion alleges that the negligence and carelessness of defendants, their agents, servants, workmen and employes consisted in: (1) Allowing the post holes for the guard-rail posts along said highway to remain open; (2) in failing to erect a proper guard rail around said post holes; (3) in failing to cut the high grass and weeds so that the post holes would be visible to pedestrians and travelers on said highway; and (4) in failing to provide proper signals and warning signs notifying the public of the existence of the guard-rail post holes on said public highway.

In answer to said action, defendant filed an affidavit raising questions of law to the effect that the Commonwealth of Pennsylvania was the real defendant and could not be sued; that proceedings in law might be brought against legal and natural persons but not against separate departments of the State Government; and that the courts of Centre County had no jurisdiction against departmental heads, as the exclusive jurisdiction in such matters has been vested in the courts of Dauphin County by the Act of May 26, 1931, P. L. 191.

The above defense was raised by a petition asking for the dismissal of said suit, to which an answer was filed in which it is set forth that the Commonwealth of Pennsylvania was not a party to the suit and if it were a party, it could not be maintained; that the Department of Highways is a distinct legal entity, created by act of assembly, and that an action can be maintained against it; that the Act of 1931, supra, has no application to the suit at bar because plaintiffs are not seeking to compel the State officer to perform or refrain from performing any

official act; that the suit may be maintained because the Department of Highways carries insurance against claims for personal injuries arising out of the negligent acts of its employes, and is specifically authorized to pay damage claims; that the suit can be maintained against Harvey H. Barnhart and J. E. Kragle as individuals serving in the employ of the State Highway Department.

The first question for consideration is whether this action can be maintained against the Pennsylvania Department of Highways. At the time of the argument, as well as by the answer, plaintiffs admit that an action could not be maintained against the Commonwealth of Pennsylvania. They contend, however, that the Pennsylvania Department of Highways is a distinct entity and is not the Commonwealth of Pennsylvania, and for that reason this action can be maintained. The first question is, what is the Pennsylvania Department of Highways? This department was created by the Act of May 31, 1911, P. L. 468, and in accordance with this act, the Commonwealth took over and was thereafter in exclusive control of certain of its highways. By this act those highways, particularly designated, belong to the State.

The State is a political, corporate body and can only act through its agents. The Pennsylvania Department of Highways is a part of the State Government and is the agency created by the Commonwealth for looking after the roads which belong to the Commonwealth of Pennsylvania. It is not a subordinate public agency but is the State itself, and no action can be brought against it without the consent of the State. It differs from those agencies of the State which the legislature has incorporated and authorized to sue and be sued, as in the case of counties and boroughs, but the act creating the Department of Highways confers no such authority. In the case of Collins v. Commonwealth, 262 Pa. 572, 580, the court held:

"When she puts their care into the hands of a subordinate public agency, and expressly charges it with the

duty of maintenance, it may become liable for a breach of the duty thus imposed on it; but there is no liability if there is no statutory duty: Bucher v. Northumberland County, 209 Pa. 618."

The subordinate public agency referred to in that opinion relates to a county or a borough or a township, but does not refer to a department of the State itself, as this is not a subordinate public agency but is merely the agent through which the State itself acts. In this same opinion the court says (580):

"The highways of the State belong to the State, and, at common law, she is not liable for negligence in their maintenance." Futher on in this opinion, there appears:

"So when the State resumes control of her highways, without expressly assuming liability for their negligent maintenance, she but takes back to herself the control she for the time being had given to others, and she takes it back just as it was before she gave it, that is, without liability at common law, and with no statutory liability, and hence without liability at all." Further on in this opinion, the court said:

"Here, however, the State simply takes back her own highways, and as a sovereign is not answerable for the neglect of any of her officers, unless she expressly assumes such liability, which, as above stated, she never has done."

This case was decided subsequent to the passage of the Act of 1911, supra, which created the Department of Highways and determined those matters relating to State highways. In this opinion, it refers to section 6 of that act, which provides (p. 579):

". . . that the roads taken over by the Commonwealth shall be 'built, rebuilt, constructed, repaired and maintained by and at the sole expense of the Commonwealth, and shall be under the exclusive authority and jurisdiction of the State Highway Department.'"

It is quite evident that it is the Commonwealth that owns and controls the highways but delegates the author-

ity of looking after them, as the agent of the Commonwealth, to the State Highway Department, and the real defendant in the suit is the State itself. There is no authority in the act creating the Department of Highways authorizing that it be sued or that it shall have the right to sue. Its duties are defined by the act and it further provides that all expenses shall be paid by the State, and the expenditure of funds is supervised by the State, so that the action of the Department of Highways is the action of the State: The Lord & Polk Chemical Co. v. The Board of Agriculture et al., 111 N. C. 135, 15 S. E. 1032.

In the case of the School District of the Township of East Deer, etc., v. Van Dyke et al., 44 Dauph. 307, being an equity proceeding instituted in the Court of Common Pleas of Dauphin County, the court held:

"In our opinion the Secretary of Highways, when performing the duties imposed upon him by what is commonly known as the Sproul Highway Act and its amendments, is acting as the direct agent of the State. When the State itself, acting through the Secretary of Highways, is taking land under the right of eminent domain, for highway purposes, the situation differs from a taking by a city, borough, or school district, which is a subordinate sovereignty of the State." This opinion further states (p. 313):

"From the foregoing authorities we are of opinion that the State, when authorized by the Legislature so to do, acting directly through some agency created for the purpose, may take, under proper proceedings and for adequate compensation, if legally recoverable, property which has been theretofore applied by one of its subordinate agencies to public purposes, if the taking is in the furtherance of the governmental functions of the State. The building of roads is such a governmental function and therefore it follows that the taking in this instance, being for such purpose and being authorized by the statute, is a valid exercise of the power of the State."

In considering the powers of the State Highway Department as conferred by the Act of 1911, it must be borne in mind that the State Highway Department "is an *alter ego* of the state" itself: Curtis & Hill Gravel & Sand Co. v. State Highway Comm. et al., 91 N. J. Eq. 421, 430, 111 Atl. 16.

"It is, for the purposes of this suit, the state itself, and 'not a mere subordinate.' *Ibid.* And if the positions of complainant and defendant were reversed this suit could not be maintained without the consent of the state. Therefore, when the State of New Jersey, through its legislature, says that the State Highway Commission shall have power 'to do and perform whatever may be necessary or desirable to effectuate the object and purposes' of the act of its creation, it is but another way of saying 'You are our agent and representative; and we invest you with all of our powers in furtherance of the objects and purposes for which you are created, and this declaration of authority shall be liberally construed.' What more could be asked? By what language could broader powers be given? Under these terms the State Highway Commission might well say, in the words of a famous French monarch, '*L'Etat, c'est moi.*' The State Highway Commission is not a separate and distinct entity upon which the power of eminent domain has been conferred, but it is to all intents and purposes, and within the scope of its authority, the state itself; and its powers within the sphere of its activities are limited only by the powers of the state": The State Highway Comm., etc., v. City of Elizabeth, etc., 102 N. J. Eq. 221, 227, 140 Atl. 335; Cope et al. v. Hastings et al., 183 Pa. 300, 323; Zaengle et al. v. Buckius, District Engineer et al., 20 D. & C. 373; Downs et al. v. Lewis, Secretary of Highways et al., 17 D. & C. 427. In addition, under The Administrative Code of April 9, 1929, P. L. 177, art. 2, sec. 201, as amended by the Act of June 1, 1931, P. L. 350, sec. 1, and by the Act of June 29, 1937, P. L. 2436, sec. 1, it provides

that the executive and administrative work of this Commonwealth shall be performed by the executive department, consisting, in addition to other departments, of the Department of Highways. This code provides for the heads of the administrative departments and also provides, under article II, sec. 214, of The Administrative Code, supra, as last amended by the Act of 1937, supra, sec. 1, that the heads of the several administrative departments, including the State Highway Department, shall appoint and fix the compensation of all employes.

The court is, therefore, of the opinion that the Pennsylvania Department of Highways cannot be included as a defendant in this suit and the same is dismissed so far as it is concerned.

The second question for consideration is whether or not Harvey H. Barnhart and J. E. Kragle are liable as individuals for the alleged negligent act or acts. There cannot be any question but that an individual employe of the State is personally liable for any negligent act committed by him personally, or if a negligent act is committed by a subordinate when he is actually being supervised or directed to do it by his superior. The courts have held, however, that the rule of respondeat superior does not apply where negligent acts are committed by employes insofar as the superior officers are concerned. "A public officer" is not liable for the negligence of his official subordinates unless he commanded the negligent act to be done: Schroyer v. Lynch, 8 Watts 453; Boyd et al. v. The Insurance Patrol of Phila., 113 Pa. 269, 278; Smith v. Golden et al., 15 D. & C. 317.

The pleadings in this case, however, state that "Harvey H. Barnhart, by and with the knowledge and approval of the said J. E. Kragle, had caused to be dug a line or series of post holes along the southern side of said State highway for the purposes of placing guard-rail posts therein," and further states "that the said Harvey H. Barnhart allowed and permitted and caused said guard-rail post holes to be and remain open without any signal lights, warning

signs or lights of any kind or without guard rails to protect the traveling public from falling into said guard-rail post holes, which were of the depth of three feet." The statement further sets forth four reasons why defendants are liable in the suit at bar.

However, inasmuch as the pleadings specifically allege that Harvey H. Barnhart, by and with the knowledge and approval of the said J. E. Kragle, had caused to be dug a line or series of post holes, and further states that he allowed and permitted and caused said guard-rail post holes to be and remain open without any signal lights, it raises the possibility, if proven, of creating an affirmative act of negligence which would hold defendants individually responsible and would raise such an issue of fact, if proven, which would require the submission of the matter to a jury. If the pleadings had failed to set forth an affirmative act, such as they do, and plaintiffs were relying solely upon a negligent act committed by employes of the State inferior in their positions to that of defendants, and that due to the fact that they, as superiors, were responsible for the act of the inferior employes of the State, the court is of the opinion that such an action could not be maintained. However, for the purpose of this case, it is the pleadings, as they have been filed, which must be considered in passing upon the questions raised by the affidavit of defense raising questions of law, and those questions are dismissed.

### Decree

And now, to wit August 23, 1938, the suit is dismissed so far as the liability of the Pennsylvania Department of Highways is concerned, and the objections to Harvey H. Barnhart and J. E. Kragle being made defendants in this particular suit are hereby dismissed, and they are given 15 days from the receipt of notice of this order to file an affidavit of defense as to the facts, if they see fit to do so.