# Road in Milton.

*Payment of Road Damages in Boroughs when opened by authority of County.—Road Law of Northumberland County construed.*

1. The Act 22d April 1856, in reference to opening streets in boroughs, supplementary to the general Borough Act of 1851, applies only to cases where the borough authorities have power to lay out new streets; and where a road within the borough of Milton was ordered to be opened by county authority, the damages for opening it must be paid by the county, and not by the borough alone.

2. The Act 8th March 1859, relating to road views and road damages in Northumberland county, applies to roads in the boroughs of that county, though it does not mention boroughs and borough officers, but only townships and township officers.

3. The road law of Northumberland county, under the Act of 1859, is a substitute for the general law of 1836, so far as relates to that county, and includes boroughs and borough authorities under the terms townships and supervisors: hence, there being no other road law for the borough of Milton, the report of the viewers relative to the damages should have been confirmed by the court, with their report in favor of the road as directed by the act: and it was error to confirm the road, without at the same time confirming the report of the viewers relative to the damages.

CERTIORARI to the Quarter Sessions of *Northumberland county.*

This was a proceeding to lay out and open a road in the

[Road in Milton.]

borough of Milton, in which, on the petition of certain persons in said borough, five viewers were appointed, who returned for public use a road beginning at "Front Street," and running through improved property belonging to Mrs. Wilson, and Messrs. Comly, Rhawn, Chapin, and others, and directed that the sum of $1487.50 be paid to Mrs. Wilson by the county of Northumberland, for damages occasioned by the opening of the road. The Quarter Sessions confirmed the report so far as the road was concerned, but disallowed that portion of it which directed the payment of damages out of the county treasury, from which decree Mrs. Wilson appealed to this court.

The case was argued by *W. C. Lawson*, for appellant, and by *Charles Pleasants*, for appellee.

The opinion of the court was delivered, October 31st 1861, by

LOWRIE, C. J.—The Act of 22d April 1856 is a supplement to the Borough Act of 1851, and applies only to cases where the borough authorities have power to lay out new streets, and therefore it has no application to this case. And it would seem very unjust to give it such an application as to throw the damages for opening the road entirely on the borough or its inhabitants, for the road is ordered by the county authority, the court, whether the borough wants it or not, and the inhabitants of the borough have to contribute to the damages for all roads opened in the county.

We are not impressed by the fact that the Northumberland county road law of 1859 does not mention boroughs and borough officers, but only township and township officers; and think that, notwithstanding this, it applies also to roads in boroughs. The general road law of 1836 has the same omission, and yet it has always been regarded as the road law for boroughs as well as for townships; this word being used as a general term, including all municipal divisions relating to roads where no special provision is made.

The Act of 1859 is intended as a complete substitute for that of 1836, so far as relates to this county, and must therefore include boroughs and borough authorities under the terms townships and supervisors, if there be no other law for the borough. We think there is none other for this borough, notwithstanding the careful investigation through which the counsel of the defendant in error has led us. It was erroneous to confirm the road without at the same time confirming the report relative to the damages; the two must be settled in the same order. We send the case back that this may be done.

Order reversed, and a *procedendo* awarded.