# Penn Township *versus* Perry County.

1. By an Act of Assembly, Dauphin and Perry counties were required to rebuild a bridge across the Juniata which separated them : the cost not to exceed a sum named. The bridge was built by contract for the sum and accepted from the contractor. The filling up, &c., of the approaches to the end of the bridge in Perry county were not made, leaving it inaccessible. *Held*, that the county and not the township in which the bridge ended was bound to complete the approaches.

2. The approach to a bridge and the bridge are both parts of the highway.

3. A bridge is incomplete until every thing necessary for use has been applied, and every such appliance is part of the bridge.

May 10th 1875. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD JJ.

Error to the Court of Common Pleas of *Perry county* : Of May Term 1875, No. 25.

To the August Term 1874, of the court below, an amicable action was entered between the township of Penn, plaintiff, and the county of Perry, defendants. A case stated was filed in the action containing these facts :—

On the 24th of March 1873, an Act of Assembly was passed enacting, that the commissioners of Dauphin and Perry counties

| 78  | 457 |
|-----|-----|
| 150 | 153 |
| 78  | 457 |
| 165 | 42  |
| 78  | 457 |
| 179 | 202 |

78        457
f 34 SC ¹225
| 34 SC ¹226

be required to erect a public bridge over the Juniata river from a point on Duncan's Island in Dauphin county to a point in Penn township, Perry county, &c., on the site and piers of a former bridge swept away by the flood of 1865, &c., "and the commissioners are hereby directed to provide means equally from each county, and cause the bridge to be erected as speedily as possible," the cost not to exceed $18,000. The commissioners contracted for the erection of the bridge for $18,000, the specifications provided for the abutments and "wing-walls to be of sufficient length to retain the embankment, * * * the back of the abutment to be filled in," &c. The bridge was completed by the contractor according to the specifications; it was taken off his hands and he paid the full contract price, but it "was inaccessible by reason of there being no embankment or filling up of the approaches to the bridge between the wing-walls, nor was the bed of the public road leading to said bridge raised or changed in any way by the contractor so as to enable travellers to get upon the structure of the bridge with their horses and wagons or other vehicles on the Perry county side." The estimated cost of raising the road-bed and completing the approaches was from $200 to $300.

The question for the decision of the court was whether it was the duty of the Penn township or the duty of Perry county to have the approaches to the bridge on the Perry county side completed.

If the court should be of the opinion that it was the duty of the township to complete the approaches, &c., judgment to be entered against the township for costs; if the court should be of the opinion otherwise, judgment to be entered against the county for costs.

The court entered judgment for the defendant, which was assigned for error on the removal of the record by the plaintiff to the Supreme Court by writ of error.

*C. A. Barnett,* for plaintiff in error.—A bridge is but a substitute for a ferry: Shearman & Redfield on Negligence 288. It is the duty of the county to erect bridges: Commonwealth *v.* Monroe County, 2 W. & S. 495, and if any change in a road by reason of making a bridge is necessary the county must do it. At common law the approaches to a bridge are to be made by the county: Shearman & Redfield on Negligence 294, sect. 252; Rex *v.* Westriding of York, 7 East 588; Rex *v.* Same, 2 Id. 342; King *v.* Bucks, 12 Id. 192; 2 Bacon's Ab. "Bridges." "Bridge" imports not only the structure over the stream but its approaches, &c.: Shearman & Redfield on Negligence 295, sect 253.

*C. J. T. McIntire,* for defendant in error.—Statutes are to be construed according to the natural meaning of their words and supposed errors cannot be corrected by the courts: Dwarris on Statutes 144, rule 9. A bridge is a structure across a stream for

ease, &c., of travellers: Jacob's Law Dict., Webster's Dict., *ad verbum.* Highways and bridges are distinct: Angell on Highways, sect. 40 ; Commonwealth *v.* Breed, 4 Pick. 460.

Mr. Justice GORDON delivered the opinion of the court, May 24th 1875.

Under the provisions of the Act of the General Assembly of 1873, the bridge in question, over the Juniata river, was erected at the joint expense of Dauphin and Perry counties, and was fully completed, except that the space between the wing-walls, on the Perry county side of the river, was not filled in with earth or other material, so as to make the approach to the main superstructure possible. The question presented, in the case stated, for the solution of the court below, was whether the township or county was liable for the expense of this filling, so as to make the bridge accessible to the public, for whose convenience it was erected. The learned judge below held that this liability rested upon the township ; and this on the ground that the wing-walls and earth filling were not technically part of the bridge proper, but rather part of the road leading thereto. We cannot subscribe to this doctrine. · That the approach to a bridge is part of the highway is doubtless true, but so, also, is the bridge itself; and as the construction of this part of the highway is too expensive for the township to bear, therefore it is imposed on the county. The design of bridging is to provide a safe and convenient passage for the public over some stream or ravine, but no such passage· is afforded when the structure cannot be approached. Can a house be said to be finished until there are steps up to its doors or stairs to its chambers? And how can a bridge be said to be completed without the proper means of access? Certainly this is so necessary to its use, that without it, the structure is a vain thing ; utterly useless and of no account. The bridge is incomplete until everything necessary for its proper use has been supplied, and every such necessary appliance is part of the bridge. When, therefore, the Act of Assembly directed the counties of Dauphin and Perry to build this bridge over the Juniata, it meant that these two counties without the aid of the townships should provide a safe and convenient passage or highway over that river, and not merely that they should set up a structure which the public could not reach.

> The judgment is reversed, and judgment is now entered on the case stated, in favor of the township of Penn, and against the county of Perry, for the costs of this case, and it is ordered that the record be remitted to the court below for execution.