## In re Road from Houston to Canonsburg.

*County roads — Vacation of county roads — Vacation of road within a borough.*

1. The expressions "township" and "supervisors" occurring in statutes relating to public roads have often been interpreted in a non-literal and comprehensive sense and to include all municipal divisions relating to roads.

2. The general legislative purpose expressed in the Act of May 11, 1911, P. L. 244, as finally amended by the Act of May 11, 1921, P. L. 477, was to provide that all roads which have become county roads may, if a change of circumstances should at any time render it advisable, be turned over to the care of local authorities.

Petition to vacate a county road. Q. S. Washington Co., County Road Docket No. 1, Road No. 3.

Before Brownson, P. J., and Cummins, J.

*A. M. Linn,* for petitioner; *A. L. Zeman,* contra.

BROWNSON, P. J., Oct. 26, 1925.—Section 20 of the Act of May 11, 1911, P. L. 244, as finally amended by the Act of May 11, 1921, P. L. 477, provides that upon petition of the county commissioners the Courts of Quarter Sessions shall have power to vacate as a county road any portion or portions of any abandoned or condemned turnpike road, or turnpike road purchased by the county, or of any road the location or improvement of which has been ordered or made under said Act of 1911, "or former acts relating to county roads," and that "all portions of such roads so vacated shall become and be township roads;" such petition to be presented after ten days' written notice to "the supervisors of the township or townships through which said road passes."

We have before us a petition of the county commissioners praying for the vacation as a county road of a section, approximately 3000 feet in length, of what was formerly the Washington and Pittsburgh Turnpike Road. Prior to 1923, this section of road lay in Chartiers Township. About fifteen years ago it was improved by the county under the Act of June 26, 1895, P. L. 336 (which is one of the "former acts" referred to in section 20 of the Act of 1916). It became and has continued to be a county road. By an ordinance approved March 20, 1923, the Borough of Canonsburg annexed to itself the part of the territory of Chartiers Township in which that section of road lay (see 4 Wash. Co. Reps. 33), so that it is now within the bounds of the borough. This petition is presented under section 20 of the Act of 1911, and the question now for decision is whether, by the terms of that section, this court is given jurisdiction to make the decree of vacation prayed for. This question turns upon whether the meaning and intent of the words of that section are

that its application shall be confined to sections of road that lie, at the time the petition is presented, within the limits of a township. There is no doubt that before March 20, 1923, the court would have had jurisdiction to decree a vacation of this road. But the existence of such jurisdiction now is questioned, upon the ground that this road no longer lies within the limits of any township, and, therefore, is not capable of becoming by vacation a "township road" and going under the charge of the supervisors of a township through which it passes, and that only roads which are so capable are within the intent and scope of this section.

The expressions "township" and "supervisors," occurring in statutes relating to public roads, have often in Pennsylvania been interpreted in a non-literal and very large and comprehensive sense, when there is nothing in the particular statute to indicate their employment with a literal or restricted meaning. In re Road in Milton, 40 Pa. 300, Lowrie, C. J., at page 301, said:

"We are not impressed by the fact that the Northumberland County Road Law of 1859 does not mention boroughs and borough officers, but only townships and township officers, and think that, notwithstanding this, it applies also to roads in boroughs. The General Road Law of 1836 has the same omission, and yet it has always been regarded as the road law for boroughs as well as for townships; this word being used as a general term, including all municipal divisions relating to roads where no special provision is made. The Act of 1859 is intended as a complete substitute for that of 1836, so far as relates to this county, and must, therefore, include boroughs and borough authorities under the terms townships and supervisors, if there be no other law for the borough."

The thought expressed in this quotation seems to be that where the general intent of a statute apparently is to deal with roads generally (including those in boroughs), the word township can be interpreted as used in the generic sense of a sub-division of a county, and as borough authorities are *ex-officio* supervisors of highways within their municipality, the term township supervisors may be treated as including them.

That case was cited and followed by Judge Allison in In re Clinton Street, 7 Phila. 644, and he also referred to Smedley v. Erwin, 51 Pa. 445, as holding (see page 449) that all of the provisions of the General Road Law of 1836 "are as applicable to Philadelphia as to any other county, except so far as they are expressly declared to be inapplicable."

The argument for the county, then, is that the Act of 1911 was intended to deal with county roads generally—as generally as the Act of 1836 dealt with ordinary roads; and that as the words township and supervisors are by precedent and usage in Pennsylvania susceptible of a meaning which would include boroughs and borough authorities, there arises from the fact that they are used in section 20 no implication that the words which expressly authorize the vacation of "any portion of . . . any road, the permanent location or improvement whereof has been ordered or made under this or former acts relating to county roads," are to be restrained in their operation by excepting thereout sections of roads which have come, through an annexation, to lie within a borough.

Is this argument affected by the circumstance that section 18 of the Act of 1911 makes special provisions regarding the improvement and maintenance of sections of roads lying in boroughs? (These provisions are now supplied by sections 25 to 27 of article VII of chapter VI of the Borough Code of May 14, 1915, P. L. 312, and the cost of repair and maintenance are thereby transferred to the borough.) Does the fact that section 18 deals with boroughs

separately and as distinguished from townships (though not mentioning the latter) indicate that in section 20 the word township is used in a restricted or technical sense, referring to a township as distinguished from a borough, and, therefore, should be held to imply a limitation of the *prima facie* meaning and scope of the preceding language?

The grant of jurisdiction to the court is in these words: "Shall have power . . . to vacate as a county road *any* portion or portions of *any* abandoned or condemned turnpike road, or *any* portion or portions of *any* turnpike road purchased by the county, or of *any* road, the permanent location or improvement whereof has been ordered or made under this or former acts relating to county roads." These words, if taken by themselves, embrace the piece of road now in question as clearly and unequivocally as it is possible for language to do. The question, then, is whether an exception out of the operation of these words of roads or sections of roads which are plainly within the words themselves is to be implied from two subsequent provisions, viz., a direction that all portions of roads so vacated "shall become and be township roads," and a direction that, before the petition for vacation is presented, ten days' notice shall be given "to the supervisors of the township or townships through which said road passes."

The rule as to implying exceptions which are not expressed in a statute is stated in Endlich on Interpretation of Statutes, which (after having set forth in section 2 the rule that words, phrases and sentences are presumptively to be construed according to their proper meaning and the rules of grammar, and that "from this presumption it is not allowable to depart, unless adequate grounds are found, either in the context or the consequences which would result from the literal interpretation, for concluding that that interpretation does not give the real intention of the legislature") says in section 17: "It is but a corollary to the general rule in question that nothing is to be added to or to be taken from a statute unless there are similar adequate grounds to justify the inference that the legislature intended something which it omitted to express. Unless upon such grounds, courts are not at liberty to engraft exceptions or limitations upon words of general scope and comprehensiveness." By "adequate grounds" the author seems here to mean something beyond mere conjecture which would indicate with at least reasonable clearness that the legislature did not intend the particular thing in question to be within the operation of words in the statute that, construed grammatically and according to their literal meaning, would comprehend it. In view of what is said in the above quotation from In re Road in Milton as to the enlarged and general meaning that has been given to the words township and township supervisors in the road statutes of this State, their use in the context, in the present instance, does not require, nor clearly point to the conclusion, that an exception such as we are now speaking of was in the contemplation of the legislature. Nor is an implication thereof necessary to bring section 20 into harmony with the general purpose and scheme of the act. The general legislative purpose apparently was to provide that all roads which have become county roads may, if a change of circumstances should at any time render it advisable, be turned over to the care of local authorities. No rational ground can be imagined for supposing that the legislature intended to favor boroughs, as against townships, by framing its enactment in such a way that if there be no longer necessity or occasion to have a road cared for by the county, there shall be jurisdiction to vacate as a county road so much of it as may lie within a township, but not to vacate such part as may happen to lie within a borough, or that such jurisdiction over a road shall at once come to an end if a borough

### In re Road from Houston to Canonsburg.

reaches out by an annexation ordinance and draws within its bounds the ground occupied by the road. To interpret the words township and supervisors in the manner mentioned in the above extract from the opinion of Lowrie, C. J., would be in accord with what is the apparent pervading intent of the enactment.

We do not think there are "adequate grounds" for importing into section 20 an exception of such a road as the one in question from the comprehensive and explicit words by which jurisdiction to vacate is conferred upon the courts.

Reasons have been shown for decreeing a vacation in the present case, and it has not been controverted that a vacation will be proper if we have jurisdiction to decree it.

And now, Oct. 26, 1925, it is decreed that the section of road described in the petition, extending from the borough-line of Houston Borough a distance of 3000 feet, more or less, to the former line of Canonsburg Borough, and lying within territory that recently was annexed by ordinance to the latter borough, be and the same is vacated as a county road.

From E. E. Crumrine, Washington, Pa.