## Borough of Oakdale, Appellant, *v.* Allegheny County.

*Bridges—County bridges—Approaches—Change of grade—Borough street—Liability to abutting property owners—Borough ordinance—Borough code.*

In the building of a county bridge the county, in the absence of any agreement to the contrary, is responsible for the construction of proper approaches thereto and is liable in trespass for any damages occasioned to property abutting thereon.

In an action of assumpsit by a borough against the county to recover money paid by it to abutting property owners for damages occasioned by a change of grade in a borough street, it appeared that the grading was done by the county in rebuilding a county bridge. It also appeared that the borough, by proper ordinance, authorized the county to raise the grade of the approaches to the bridge at the cost of the county. The ordinance also provided that any benefits chargeable against or damages accruing to abutting properties occasioned by the change, shall be assessed as provided by chapter 6, Article 2 of the Borough Code.

Under such circumstances the borough assumed liability for any damage occasioned to abutting property by the change of the grade and the trial court properly directed a verdict for the defendant.

Argued April 29, 1927. Appeal No. 158, April T., 1927, by plaintiff from judgment of C. P. Allegheny

County, January T., 1925, No. 498, in the case of Borough of Oakdale v. Allegheny County. Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit against a county by a borough located therein to recover money paid by the borough for damages caused by the change of grade of a borough street made by the county in rebuilding a county bridge. Before CARNAHAN, J.

The facts are stated in the opinion of the Superior Court.

The Court directed a verdict for the defendant and entered judgment thereon. Plaintiff appealed.

*Error assigned,* among others, was the refusal of defendant's motion for judgment non obstante veredicto.

*C. Elmer Brown,* for appellant.

*William C. Jacob,* and with him *W. Heber Dithrich,* for appellee.

OPINION BY CUNNINGHAM, J., July 8, 1927:

Appellant, the Borough of Oakdale, brought its action in the court below against the County of Allegheny, in which it is located, to recover $2,450 theretofore paid by the borough to two property owners therein as damages occasioned by a change in the grade of a portion of one of the borough streets. The trial judge directed a verdict in favor of the county and subsequently denied the borough's motion for judgment n. o. v. From the judgment entered on the directed verdict we have this appeal. The only question involved under the assignments is whether the trial judge erred in his construction of certain borough ordinances hereinafter referred to. The facts are un-

disputed and show the following situation: The Boro-
ough of Oakdale is traversed by the north branch of
Robinson Run and for a number of years a bridge
forming a part of State Avenue had been in existence.
In 1918 this bridge was condemned by a resolution of
the Commissioners of Allegheny County and appro-
priate proceedings were had in the Court of Quarter
Sessions of that county for the construction of a new
bridge upon the old site but at a higher elevation and
of greater width. The borough street being continuous
to the main structure of the bridge, the county by its
action became responsible not only for the building of
the bridge itself but also for the construction of proper
approaches thereto: Cooper and Grove v. Lampeter
Twp., 8 Watts 125; Penn Township v. Perry County,
78 Pa. 457. In the absence of any action by the bor-
ough assuming liability, the county would be liable in
trespass for any damages occasioned property abut-
ting upon the approaches through the raising of the
approach to meet the greater elevation of the bridge:
County of Chester v. Brower, 117 Pa. 647, and Lafean
v. York County, App., 20 Pa. Superior Ct. 573. It is
conceded, as we understand it, that the county did not
have at that time the right to have benefits assessed
for any county improvement. The situation therefore
seems to have been that the county might have con-
structed the bridge in accordance with its plans and
built the approaches without any action or consent
upon the part of the borough, except, perhaps, the
mere granting by the borough of its consent to the
entry by the county upon the street for the purpose of
making the necessary changes in its grade—a ques-
tion, however, which is not here involved and need not
be considered. It is quite apparent that the borough
would be benefited by the construction of a better
bridge and was willing to cooperate with the county.
On July 1, 1918, it enacted Ordinance No. 151, chang-

ing and re-establishing the grade of a portion of State
Avenue, beginning at the intersection of Clinton Ave-
nue and continuing eastwardly a distance of two hun-
dred and eighty-nine feet, thereby opening the way for
the raising of the grade of the approach in question.
Then under date of May 5, 1919, it enacted Ordinance
No. 153, the proper construction of which is involved
on this appeal. As declared in its title, it is an ordi-
nance authorizing the county commissioners, in con-
junction with the raising and construction of the
bridge, to raise the grade and repave a portion of the
street with paving brick at the cost and expense of the
county. In its preamble the condemnation of the old
bridge is recited and the enactment of Ordinance 151
is referred to and it is then stated that the county com-
missioners "have agreed ...... to raise the grade of
a portion of State Avenue, in accordance with the
grade ....... as changed and re-established by said
Ordinance No. 151 [and] to repave the same with pav-
ing brick, at the cost and expense of Allegheny
County." Section 1 authorizes the commissioners to
raise the grade and repave "at the cost and expense"
of the county. This litigation had its origin under
section 2 of the ordinance which reads as follows:
"That any benefits chargeable against or damages ac-
cruing to abutting properties occasioned by the chang-
ing of the grade of a portion of said State Avenue
as herein provided shall be assessed as provided by
Chapter 6, Article 2 of the Act of Assembly of May
14th, 1915." The Act of Assembly therein referred
to is the Borough Code. After the completion of the
work proceedings were instituted under Chap. VI, Art.
II, of the Act of May 14, 1915, P. L. 312, by Eliza J.
Kennedy and the Odd Fellows' Hall Association, the
owners of property affected by the change in the grade
of the approach. Viewers were appointed and made
awards against the Borough of $1,700 damages to the

first named property owner and $1,300 to the other. No benefits were assessed. Upon exceptions to the report the Court of Common Pleas held that the ordinance is "clearly notice to the abutting property holders that the Borough assumes the obligations, so far as the abutting property is concerned, of damages which may follow from the change of grade, and assumes to collect benefits, if any, because of the said change in the grade," and that under its provisions the borough was liable to the property owners no matter what the situation might be as to the ultimate liability of the county to the borough. The county had notice of the hearings before the viewers and its solicitor assisted in contesting the claims for damages, but it is not suggested that the county was a party to the proceedings under the Code.

An appeal was taken from the award to the Odd Fellows' Hall Association and a settlement effected, with notice to the county, by the payment of $750 as damages. Having paid these amounts, aggregating $2,450, the borough is now endeavoring to recover from the county upon the theory that they are a part of "the cost and expense" which the county agreed to pay. Unfortunately we have no evidence, oral or written, other than the ordinances themselves, relative to the understanding between the parties at the time the preparations for building the bridge were made. Considering the situation of the parties at the time Ordinance No. 153 was enacted and their respective powers and obligations—particularly the fact that the borough could, and the county could not, assess benefits—it seems to us that the fair and reasonable inference is that there must have been an understanding with relation to a division of the contemplated expenditures. These naturally divide themselves into two classes— the definite and inevitable items involved in doing the physical work which the county unquestionably agreed

to pay and the uncertain and problematical items for property damages. As to the latter it seems a reasonable inference that they were assumed by the borough as it could take its chance upon the possibility of the benefits being equal to the damages. Hence the provision in the first section that the raising and repaving of the approach should be done "at the cost and expense" of the county and the provision in the second section that "any benefits chargeable against or damages accruing to abutting properties" should be assessed as provided in the Borough Code. If the first section stood alone it might be fairly urged that the word "expense" therein should be construed to include property damages, but it does not stand alone. Provision is made for the assessment of property damages by proceedings in which the county would not be a party to the issue between the property owners and the borough. If there was no understanding or agreement and the county was to build the necessary approaches in compliance with its legal obligation to build approaches as well as the bridge itself, neither ordinance would have been necessary and the county would have been liable, as we have seen, for any damages occasioned to properties abutting on the approach; but if the arrangement was that the borough, in order to assist in obtaining a better bridge and at the same time retain jurisdiction over the street, agreed to change and re-establish the grade in the only way it could do it (by an ordinance) and to authorize the county to make the physical change at the county's expense, but to take the chance of the benefits equaling the property damages, the reason for the enactment of both ordinances is readily apparent. A majority of the members of this court are of opinion that the binding instructions given for the defendant were proper.

The assignments of error are overruled and the judgment is affirmed.